VANDEMAR LUND *et al.*

*v.*

THE SKANES ENSKILDA BANK.

*Filed at Ottawa September 25, 1880.*

96   181
123   150
96   181
40a  661
·96   181
180  615
96      181
90a ¹  2
96   181
95a ¹593

1. CROSS-BILL—*whether germane to the original bill.*   A foreign bank filed a bill against the assignee and creditors of an insolvent banking firm in this State to establish a debt due from the latter to the former, and to obtain dividends out of the partnership property: *Held,* that a cross-bill by the resident creditors of the insolvent bank against the foreign bank, alleging that the latter was a member of the partnership, or a partner in the firm, and asking a decree against the foreign bank for an amount sufficient to pay the debts of the defendant creditors, and those represented by them, remaining unpaid after the assets in the hands of the assignee were exhausted, was not germane to the original bill, and was properly dismissed on demurrer.

2. ASSIGNMENT *for benefit of creditors—power of assignee to sue.*   The assignee of the partnership effects of an insolvent banking firm has no power to bring suits, either at law or in equity, against the partners of the firm for the purpose of securing payment of debts due the firm, or in any other manner to enforce such payment.   His duty is confined to the distribution of the proceeds of the property assigned to him.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county, the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. MATTOCKS & MASON, for the appellants.

Messrs. HITCHCOCK, DUPEE & JUDAH, for the appellee.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

In the spring of 1877 a banking firm, of Skow, Petersen, Isberg & Co., of Chicago, being insolvent, made an assignment of all its partnership property to Edward G. Mason, for the benefit of all its creditors.   The resident partners of the firm were Skow, Petersen and Isberg.

A bank in Sweden entitled, " Skanes Enskilda Bank, of

Malmo, Sweden," filed a bill in the Superior Court of Cook county, in the spring of 1878, against Mason, the assignee, claiming that the bank in Sweden was a creditor of the insolvent firm, and entitled to dividends from the assignee out of the proceeds from the partnership property transferred to him.

In January, 1879, the bill of complaint was amended, so as to make Lund, Larson and others parties defendant, they being creditors of the insolvent firm, and representatives of the interest of all the creditors, by an arrangement made between the creditors. These latter defendants, in their answer, denied that the Swedish bank was a creditor at all of the insolvent firm, and charged that this Swedish bank was in fact a member of the partnership or a partner in the firm.

After filing their answer, these defendants, Lund and others, (American creditors) filed a cross-bill against the complainant, the Swedish bank, setting up the same facts alleged in their answer, and asking for a decree against the Swedish bank, for an amount sufficient to pay the debts, (of the defendant creditors and of the creditors represented by defendants,) which should remain unpaid after the partnership assets in the hands of the assignee should be exhausted.

The Swedish bank filed a demurrer to this cross-bill, and the Superior Court sustained the demurrer and dismissed the cross-bill.

From this decree Lund and others appealed to the Appellate Court for the First District, and the decree dismissing the cross-bill was there affirmed. From the judgment of that court they appeal to this court.

The only question presented in this case is, whether the relief sought in the cross-bill is germane to the subject matter of the original bill, and it is said by counsel for appellants the subject matter of the original bill is "the relation between the complainant and the bankrupt firm, and the rights growing out of it," and it is insisted that the cross-bill relates to nothing but "the relation between the complainant and the

bankrupt firm, and the rights growing out of it," and that therefore the cross-bill relates to the same matter which is the subject of the original bill.  This is a very ingenious and specious mode of stating the case.  When closely considered it will be found that the subject matter of the original bill is not broad enough to embrace, and does not embrace, *all* the relations between the complainant and the bankrupt firm, nor is the bill brought for the purpose of adjusting *all* the relations that may exist between the complainant and the bankrupt firm, and the rights growing out of them.  ·

The subject matter of the original bill was the proper disposition of the proceeds arising from the partnership property in the hands of the assignee, and that bill related alone to the disposition of that property.  The assignee was the principal defendant, and the object of the bill was to declare his duties and enforce the performance thereof in the distribution of the proceeds of the property assigned to him.

The appellants in this case were brought in as creditors to enable them to protect their interests only in so far as they related to the distribution of the proceeds of the property in the hands of the assignee.  The cross-bill, in the relief sought, has no relation whatever to the disposition of this fund in the hands of the assignee, but relates to a matter entirely independent and different.  The assignee has no power to bring suits, either at law or in equity, against the partners of this firm, for the purpose of securing payment of debts due the firm, or in any other manner enforce such payment.  His duty is confined to the distribution of the proceeds of the property assigned to him.

The judgment of the Appellate Court was right, and must be affirmed.

*Judgment affirmed.*