MILES K. YOUNG, Receiver,

*v.*

W. W. STEVENSON.

*Opinion filed June 17, 1899—Rehearing denied October 6, 1899.*

1. LOAN ASSOCIATIONS—*receiver represents the association and not the shareholders.* The receiver of a building and loan association represents the corporate entity and not the shareholders, and succeeds to the rights of action which had accrued to the association but not to those resting in the shareholders.

2. SAME—*the association cannot compel member to refund withdrawal.* Any right of action which may exist to compel a member of a loan association to refund the amount of a withdrawal made while the association was insolvent but still doing business, rests with the non-withdrawing members and not with the association.

3. SAME—*right of member to withdraw knowing association to be insolvent.* A member and officer of a loan association which is still doing business may avail himself of the right of withdrawal which is open to other members, even though he is actuated by a belief, amounting to knowledge, that the association will not pay out in full.

4. SAME—*effect of co-partnership relation of shareholders as to associa-tion's right of action.* The fact that the relation of stockholders in a building and loan association is in many respects that of co-part-nership does not invest the association or its receiver with a right of action to compel the re-payment by a shareholder of the amount of his withdrawal.

5. SAME—*what will not invest association with right of action to compel refunding of withdrawal.* Where the withdrawal value of a member's shares is ascertained by the statute and the by-laws of the associa-tion, the parties may apply such value to the payment of the mem-ber's note to the association; and such course does not give the association a right of action to compel the member to rescind the transaction, upon the ground that the association was then insol-vent and the transaction unfair to non-withdrawing members.

*Young* v. *Stevenson,* 81 Ill. App. 40, affirmed.

APPEAL from the Appellate Court for the Third Dis-trict;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. JOHN H. MOFFATT, Judge, presiding.

This was assumpsit by the appellant receiver, against the appellee. The declaration averred the Illinois Build-ing and Loan Association was a corporation organized by virtue of an act of the General Assembly entitled "An act to enable associations of persons to become a body corporate to raise funds to be loaned only among the members of the association," in force July 1, 1879; that on divers dates between February 17, 1894, and Oc-tober 1, 1894, the defendant was a stockholder, director and treasurer of the said Illinois Building and Loan As-sociation; that on said several dates he withdrew from the association the full book value on a large number of shares, amounting in all to $17,712.94; that on said dates the association was insolvent and had not sufficient assets to pay all stockholders full book value of their shares, all of which was well known by the defendant; that it was his duty, as director and treasurer, to care for and preserve the assets of the association for the use and benefit of all its stockholders in proportion to their re-

180—39

spective holdings, but that he, in fraud of the rights of the other stockholders and of the association, withdrew from the assets the full amount of his stock that he would have been entitled to withdraw had the association been solvent and owned sufficient assets to pay in full the book value of all outstanding stock. The second special count, as amended, differs from the first only in averring that at the dates of withdrawals made by the defendant the association was in such condition financially as to render its liquidation and the winding up of its affairs inevitable, and in such condition that all stockholders could not be paid in full from its assets, and that the defendant knew it.

The only questions arising upon this record are whether the court erred in ruling that two pleas, viz., the amended fifth additional plea and the sixth plea, interposed by the appellee to this declaration, were obnoxious to demurrers presented thereto.

The amended fifth additional plea avers that at the times when the defendant is alleged to have withdrawn stock he was indebted to the association for money borrowed upon the stock held by him, for which the association held his promissory note; that the note was due; that the principal and interest thereon amounted to the withdrawal value of his stock; that by agreement with the association he surrendered to it, in settlement of his debt, the stock so held by it as security; that such transaction was in the ordinary course of the association's business, and done at times when it was paying out to all stockholders who presented their stock for withdrawal full book value, and that at the time of such withdrawal the directors of the association had not stopped business and had not recognized the insolvency of the association. The sixth plea avers that at the various times when the defendant is alleged to have withdrawn stock the association was engaged in the prosecution of its ordinary business, and in good faith intended and expected to con-

tinue the said business as a going concern until its stock matured; that the association was paying to all stockholders who presented their stock for withdrawal full book value thereof, and that the defendant in the regular way, as prescribed by the by-laws, surrendered his stock, and was paid only what he had paid in and the profits thereon, as determined by the rules of the association.

KERRICK & BRACKEN, for appellant:

Insolvency in the case of a building and loan association is that condition in which its liabilities to its shareholders exceed its assets. *Chapman* v. *Young*, 65 Ill. App. 131; *Towle* v. *Building Society*, 61 Fed. Rep. 446.

An officer of an insolvent building and loan association, knowing the association to be insolvent, cannot discharge his debt to the association with its stock held by him. *Quein* v. *Smith*, 108 Pa. St. 325.

When a building and loan association is known to be insolvent, though before the actual date of the winding-up order, the right of withdrawal is at an end. *Carrick* v. *Building Society*, 22 Scottish L. R. 833; *In re Sunderland*, 24 Q. B. Div. 394; Thompson on Building Ass. p. 67, sec. 12; *Chapman* v. *Young*, 65 Ill. App. 131; *Gibson* v. *Homestead Ass.* 170 Ill. 44.

The order prescribed by the by-laws of a building association for the payment of money out of its treasury to the different classes of members, in the regular course of business of the association, does not apply to the distribution of its assets when insolvent. *Criswell's Appeal*, 100 Pa. St. 488.

A borrowing stockholder, in settling with an insolvent building association, should be required to repay what he actually received, with interest. He will then be entitled, after the debts of the corporation are paid, to a *pro rata* dividend with non-borrowing stockholders for what he has paid upon his stock. *Strohen* v. *Franklin Loan Ass.* 115 Pa. St. 273.

Rowell, Neville & Lindley, and John E. Pollock, for appellee:

A receiver merely stands in the shoes of the corporation, and can maintain no action which could not have been maintained by the corporation which he represents. *Insurance Co.* v. *Swigert,* 135 Ill. 165.

A receiver is clothed with such rights of action, only, as might have been maintained by the person over whose estate he has been appointed, and to whose rights, for purposes of litigation, he has succeeded. *Burch* v. *West,* 33 Ill. App. 359; *Bouton* v. *Dement,* 123 Ill. 142; *Receivers* v. *Gas Light Co.* 23 N. J. L. 383; *Moise* v. *Chapman,* 24 Ga. 242; *Copper* v. *Bowles,* 42 Barb. 87.

A receiver of partnership property has no power to bring suit at law or in equity against the members of a firm for the purpose of securing payment of debts due the firm. *Lund* v. *Bank,* 96 Ill. 181.

A director or officer of a corporation may deal with it, borrow money from it or loan money to it, and take security therefor or settle his account with it, in like manner as a stranger. *Merritt* v. *Coal Co.* 61 Ill. 472; *Roseboom* v. *Whittaker,* 132 id. 81; *Harts* v. *Brown,* 77 id. 226; *Beach* v. *Miller,* 130 id. 162; 23 Ill. App. 154; *Mullanphy Bank* v. *Schott,* 135 Ill. 666; *Oil Co.* v. *Marbury,* 91 U. S. 587; *Buel* v. *Buckingham,* 16 Iowa, 284; *Seargeant* v. *Webster,* 13 Metc. 497.

A receiver appointed to take charge of a corporation is, for the purpose of determining the nature and extent of his title, regarded as representing only the corporate body itself, and not its creditors or shareholders, and for the purpose of litigation he takes only the rights of the corporation, such as can be asserted in the name of the corporation itself. He is a representative of the company and does not represent its creditors. Upon this basis only can the receiver litigate for the benefit of either shareholders or creditors. *Insurance Co.* v. *Swigert,* 135 Ill. 150, and authorities cited.

The question whether an investing member of a building society may withdraw, so as to obtain priority over other members, does not depend on the answer to be given to the question whether the society was solvent or insolvent when his notice matured, or on the answer to be given to the question whether the members or officers of the society then knew that the society was insolvent. The line is to be drawn at a time when there is a stoppage of the society's business, or a recognition by those entitled to form a judgment that the business must be stopped. *In re Ambition Building Society*, 1 L. R. (Q. B. Div.) 89; *In re Sheffield Building Society*, 22 Q. B. Div. 470.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The right of a shareholder to surrender his shares and receive the withdrawal value thereof is a peculiar feature of associations of this character. The statute under which such associations are incorporated secures to the holders of shares of stock therein the right to withdraw such shares under certain specified terms and conditions. It becomes the duty of their boards of directors to adopt by-laws under which the right may be exercised. Withdrawal of stock is but the mode of apportioning to a withdrawing member his share of the assets of the corporation before his stock has reached maturity value, and if by-laws are so framed that an unequal distribution results, the injury is not to the company as a corporate entity distinct from its shareholders, but to the non-withdrawing members. The belief that the affairs of the association have not been well managed, that investments of capital have been unwisely made and that loss is likely to ensue, or that securities for investment have shrunk in value, or that loss has already resulted, perhaps frequently moves shareholders to withdraw their stock; and even though the facts upon which the belief is based are of such potency in the mind of the withdrawing member as to convert belief into what

may be deemed knowledge, such shareholder is not thereby deprived of the right of withdrawal when the like right may be availed of by stockholders who are moved to withdraw for the reason they believe their capital may be more profitably invested, or because they have occasion to apply their money to other uses, or for other reasons. The motive which induces the member to withdraw could not operate to injuriously affect the association. One who, in compliance with the statute and by-law made in pursuance thereof, has exercised the right to surrender his shares of stock and has received the amount he became entitled to receive therefor, may have injuriously affected the right of his fellow-shareholders, but he has not injured the association as an entity distinct from its members. Therefore he cannot be required by the association to rescind the transaction and refund the amount so received on the ground, alone, the association was then insolvent and the distribution was unjust to non-withdrawing members. If any right of action exists it is in the members who remain and who suffer by the withdrawal.

The powers of the appellant receiver are not defined by statute. They are, therefore, such, only, as are conferred by courts of equity, under their equitable jurisdiction, upon receivers appointed by such courts. As receiver he represents the corporate body, and not its shareholders. He succeeds to all rights of action which had accrued to the corporation, but not to rights of action which rested in the shareholders. If it were still solvent, in full operation and no receivership had been constituted, the association could not maintain an action against the appellee to recover the sums paid on the stock withdrawals. The right of action, if any, rests in the stockholders of the association,—not in the receiver thereof. (*Bouton* v. *Dement*, 123 Ill. 142; *Republic Life Ins. Co.* v. *Swigert*, 135 id. 150; Field on Corporations, sec. 419; 20 Am. & Eng. Ency. of Law, 285, 286; *Butterworth* v.

*O'Brien,* 39 Barb. 192.)   The fact that the appellee accepted a note due from him to the association in payment of the amount of the withdrawal value of certain of his shares of stock had no effect to vest the right of action in the association.   The withdrawal value of the shares having been ascertained, under the provisions of the statute and the by-laws it was entirely within the power of the parties to apply such value to the payment of the note.

Cases cited holding that after the insolvency of a building and loan association has been judicially declared, a shareholder cannot discharge his indebtedness to the association with its stock, have no application here.   The distinction is, that in the case at bar the value of the stock was determined according to the by-laws of the association, and the appellant had the right to demand the amount so determined should be paid him in money, and in the cases cited the associations were insolvent and the stock had no known or adjustable value, and its holder had not the right to demand any sum from the association in payment for his stock, but was required to await the adjustment of the affairs of the association and accept such sum for his stock as he should be found entitled to upon due administration of the receivership.   The fact the relation of stockholders in a building and loan association is in many of its aspects that of co-partners has no potency to invest the association with the right of action to compel re-payment of an amount received by a shareholder on withdrawal of his stock. The assignee or receiver of the assets of a co-partnership has no power to bring suit in equity or an action at law against the partners to recover amounts due from them to the firm.   *Lund* v. *Skanes Enskilda Bank,* 96 Ill. 181.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*