# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—APRIL TERM, 1900.

## Melvin J. Cole v. Thomas Beale et al.

1. MERGER—*What is Necessary to Effect.*—To effect a merger at law the right previously held and the rights subsequently acquired must coalesce in the same person and in the same right without any other right intervening. There is no merger when a mortgagee of the entire premises becomes a devisee of an undivided part of the equity of redemption. He is entitled to be protected by holding his entire mortgage against the entire premises.

2. SAME—*Conveyance of Mortgagor's Equity of Redemption to Mortgagee.*—The conveyance of a mortgagor's equity of redemption to the mortgagee, after the latter has parted with the mortgage and notes thereby secured to a *bona fide* purchaser, can not in equity be treated as a merger of the mortgaged estate in the fee.

3. SAME—*Where a Greater and a Less Estate Meet in the Same Person.*—Where a greater and a less estate meet in the same person a merger does not necessarily follow; this will depend upon the intent and the interest of the parties, and if necessary to the ends of justice that the two estates should be kept alive, a court will so treat them.

4. SAME—*Where the Party Does an Act Which Clearly Shows that he Regards the Incumbrance as Still Existing.*—If, after the ownership and the charge have been united, the party does any act which clearly shows that he regards the incumbrance as still subsisting, it is strong even if not conclusive evidence of an intent that there should be no merger.

Foreclosure Proceedings.—Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1900. Affirmed in part, reversed in part and remanded with directions. Opinion filed June 8, 1900.

(426)

Frank S. Regan, attorney for appellant; Jackman & Bennett, of counsel.

The strict rule of the law is, that where the ownership of the mortgage debt and the title of the land become vested in the same person, the mortgage is thereby merged and extinguished.    American and English Ency. Law, Vol. 15, p. 321.

When the debt is paid or the title merged, the power to sell or transfer the mortgage is extinguished, even as against *bona fide* purchasers.    Cameron v. Corwin, 5 Hill (N. Y.), 272;  Wood v. Irwin, 2 Hill (N. Y.), 566.

Whether a merger is created by the union of legal and equitable estates, as of a mortgage with the fee, depends upon the intention of the mortgagee.    Jarvis v. Frink, 14 Ill. 396.

The conclusion from all the authorities clearly is, that if a party acquires an estate upon which he has an incumbrance, the incumbrance is, in equity, considered as subsisting or extinguished according to his intentions, expressed or implied.    The intention is the controlling consideration, where it has been made known, or can be inferred from the acts and conduct of the party.    And the court will look into all the circumstances of the case, to ascertain his real intention.    If it appears that he intended to discharge the incumbrance, and rely exclusively upon his newly acquired title, the incumbrance is regarded as extinguished and can not afterward be set up to strengthen and support that title.    If no intention has been manifested, equity will consider the incumbrance as subsisting, or extinguished, as may be most conducive to the interests of the party.    If no evidence of his intention appears, and it is a matter of indifference to him whether the incumbrance be kept alive or not, it is regarded as extinguished.    Campbell v. Carter, 14 Ill. 286.

Sir William Grant states as the principle to be drawn from all the cases, that where it is perfectly indifferent to the party in whom the interests are united, whether the charge should or should not subsist, it would sink; but

when it was for his interest that it should be kept on foot, the court, in the absence of an expressed intention, would so decree. In Forbes v. Moffat, 18 Ves., page 390, if proof had been made showing that, in the sale of the premises to Ives, he had undertaken the payment of the Fowler mortgage, and the amount of that mortgage had been deducted from the price of the land, the Ives mortgage should be postponed in favor of the junior incumbrance. Such was the case in Halsey v. Reed, page 452. Fowler v. Fay, 62 Ill. 377.

Where a party acquires a deed of land upon which he holds a mortgage or other incumbrance, and the question arises whether the incumbrance is discharged by the conveyance, the intention of the party at the time the deed was obtained will, in equity, be considered as the controlling consideration. Shaver v. Williams, 87 Ill. 469.

The mortgagee took a deed from the mortgagor, there being a second mortgage on said premises, and after receiving such deed from the mortgagor, the mortgagee in the first mortgage sold the property to a third party for a price sufficient to pay off both mortgages, as well as the sum paid for the equity of redemption. The doctrine must be regarded as settled, and must be applied as announced. Etna Life Ins. Co. v. Corn, 89 Ill. 170.

R. K. WELSH, E. H. MARSH and ROBT. REW, attorneys for appellees.

To effect a merger the right previously held and the right subsequently acquired must coalesce in one and the same person, at one and the same time and in one and the same right, without any other right intervening. Jones on Mortgages (5th Ed.), Vol 1, Sec. 848; Gardner v. Astor, 3 Johns. Ch. (N. Y.) 53.

There is no merger when a mortgagee of the entire premises becomes the owner of only an undivided part of the equity of redemption therein. Such mortgage is entitled to be protected by holding his entire mortgage against the entire estate. Jones on Mortgages (5th Ed.), Vol. 1, Sec.

849; Sahler v. Signer, 44 Barb. 606; Clark v. Clark, 56 N. H. 105; Barker v. Flood, 103 Mass. 474; Titsworth v. Stout, 49 Ill. 78; Meacham v. Steele, 93 Ill. 135.

Whether a merger is created by the union of legal and equitable estates, as of a mortgage with the fee, depends upon the intention of the mortgagee at the time of the execution of the deed. The intention is the controlling consideration. Campbell v. Carter, 14 Ill. 286; Edgerton v. Young, 43 Ill. 464; Shaver v. Williams, 87 Ill. 469.

If, after the ownership and the charge have become united, the party does any act which clearly shows that he regards the incumbrance or charge as still subsisting, this is strong, if not conclusive evidence of an intent that there should be no merger. Pomeroy's Equity, Vol. 2, Sec. 792, Note 2; Powell v. Smith, 30 Mich. 451; Clark v. Glos, 180 Ill. 566.

As to subsequent incumbrances it is not necessary to assign of record a recorded and unreleased mortgage. The assignment of the notes to *bona fide* purchasers is all that is required. Revised Statutes, Chap. 30, Sec. 32; International Bank of Chicago et al. v. Wilshire, 108 Ill. 143; Keohane v. Smith, 97 Ill. 156; Edgerton v. Young, 43 Ill. 464; Elgin City Banking Co. v. Center, 83 Ill. App. 409; Walker v. Dement, 42 Ill. 272; Purdy v. Huntington, 42 N. Y. 334; Reeves v. Hayes, 95 Ind. 523; Aiken v. Milwaukee & St. P. R. R., 37 Wis. 469.

A mortgagee, even after the transfer to him in his own right of the mortgagor's equity of redemption, may and does keep the mortgage alive in favor of a party to whom he pledges or transfers the mortgage debt. A transfer of the mortgage debt, or any part of it, before the conveyance of the equity to him, is the best evidence of his intention to keep the mortgage alive and precludes or prevents a merger. First National Bank v. Essex, 84 Ind. 144; International Bank of Chicago v. Wilshire, 108 Ill. 143; Edgerton v. Young, 43 Ill. 468–9; Case v. Fant, 53 Fed. Rep. 41.

Mr. Justice Higbee delivered the opinion of the court.

On July 27, 1893, Orange R. Gorham and wife mort-

gaged certain premises in Boone county, Illinois, to Ralph J. Sensor to secure, as stated in the mortgage, the sum of $5,600, according to the tenor and effect of five certain promissory notes of even date therewith, one for the sum of $1,600 and four for the sum of $1,000 each, and also certain notes attached to said principal notes representing the interest thereon. This mortgage has never been released of record. The mortgage was duly acknowledged on the day of its date and afterward recorded in the proper county, on August 1, 1893. On the day the notes and mortgage were executed the note for $1,600 and the interest notes attached were assigned and transferred to Isaac Toms, one of the appellees. On December 20, 1893, said Orange R. Gorham and his wife conveyed said premises to Henry N. Baker and Ralph J. Sensor by warranty deed subject to a certain mortgage for $5,600 to Ralph J. Sensor, which said parties of the second part assumed and agreed to pay as part of the purchase price of said premises. This deed was duly acknowledged on the day of its date and afterward on December 23, 1893, recorded in the office of the recorder of Boone county. On August 23, 1895, two of said notes for $1,000 each, were duly assigned and transferred by Sensor to appellee Thomas Beale. On September 6, 1895, another one of said notes for $1,000 was assigned and transferred by Sensor to J. S. Wilmarth. Wilmarth afterward died testate; Alonzo B. Wilmarth was appointed his executor and is one of the appellees herein. On January 27, 1896, the last one of the $1,000 notes was assigned and transferred by Sensor to appellee, J. R. Moxley. Sensor paid the interest upon these notes for several years. On September 10, 1896, Henry N. Baker and Ralph J. Sensor made their note for $5,000, due five years after date, with interest payable annually at the rate of six per cent per annum from date, to appellant, Melvin J. Cole. Some time after the giving of the note Baker and Sensor made a mortgage to Cole on the premises in question to secure said note for $5,000. The mortgage was dated back to September 10, 1896, but was acknowledged

December 31, 1896, and recorded March 11, 1897.  After the description of the property in the mortgage, were inserted the words "subject to prior incumbrance," and after the covenants that the premises were clear from all liens, etc., occurred the words "except one mortgage," and these words appear in the mortgage as first recorded.  In the mortgage as first recorded, Mrs. Baker and Mrs. Sensor did not join, but afterward at the request of Cole on the 28th day of December, 1897, they executed the same mortgage and all the parties acknowledged it.  It was again recorded on January 4, 1898.  In the second record of the mortgage, nothing appears to indicate a prior incumbrance on said premises, the words above referred to in reference to the same having been erased.

At the January term, 1899, of the Circuit Court of Boone County, appellees, who are the holders of the Gorham notes to Sensor, as above set forth, filed their bill in chancery to foreclose the mortgage given by Gorham and wife to secure the same, making Baker, Sensor and their wives, appellant, M. J. Cole, and Albert J. McGee, defendants, the latter being a tenant holding the premises under Baker and Sensor.  All of the defendants were defaulted except Cole, who answered and then filed his cross-bill, alleging that the conveyance above referred to, made by Gorham and his wife to Baker and Sensor, operated as a merger of the fee to said premises and extinguished any prior incumbrances on the same running to Sensor, and that by reason thereof the mortgage made to him by Baker and Sensor was a first lien upon said premises.  The cross-bill also sought the foreclosure of the mortgage made to appellant by Sensor and Baker.  The court below entered a decree in favor of appellees foreclosing the Gorham mortgage, but giving no relief to appellant Cole under his cross-bill.

The principal question presented to the court in this case is whether or not the conveyance from Gorham and wife to Baker and Sensor merged the prior mortgage from the same parties to Sensor in the fee, thereby extinguish-

ing the lien. We are of opinion that there was no merger
for the following reasons:

(1) The deed is made expressly subject to the mortgage,
which Baker and Sensor assumed and agreed to pay as part
of the purchase price of the premises. The deed being
recorded was ample notice to all persons who might there-
after become interested in these premises, of the existence
of the mortgage.

(2) The deed was made not to the mortgagee Sensor
alone, but to Baker and Sensor. While it is true, as urged
by appellant, that where the ownership of the mortgage
debt and the title of the land becomes vested in the same
person the mortgage is ordinarily thereby merged and
extinguished, yet there are many exceptions to this rule.
There is no merger where the conveyance is made to the
mortgagee and one or more other persons, he becoming
the owner of only an undivided part of the fee.

" To effect a merger at law the right previously held and
the rights subsequently acquired must coalesce in the same
person and in the same right without any other right inter-
vening." 1 Jones on Mortgages, Sec. 848.

" There is no merger when a mortgagee of the entire
premises becomes a devisee of an undivided part of the
equity of redemption. He is entitled to be protected by
holding his entire mortgage against the entire premises."
1 Jones on Mortgages, Sec. 849; Sahler v. Signer, 44 Barb.
(N. Y.) 606.

(3) The note for $1,600 and the interest notes therewith
were assigned by Sensor and transferred to the appellee
Toms before the conveyance was made by Gorham and wife
to Baker and Sensor. The conveyance of a mortgagor's
equity of redemption to the mortgagee, after the latter has
parted with the mortgage and notes thereby secured to a
*bona fide* purchaser, can not in equity be treated as a
merger of the mortgaged estate in the fee. International
Bank of Chicago v. Wilshire, 108 Ill. 143. The transfer of
a part of the mortgage debt would have the same effect in
preventing a merger as the transfer of the whole, as there
could not in that event be a merger of all the interests in
one person at the same time.

(4) All the actions of Sensor show there was no intention on his part that there should be a merger.

" Where a greater and a less estate meet in the same person a merger does not necessarily follow; that will depend upon the intent and the interest of the parties; and if a court perceives it is necessary to the ends of justice that the two estates should be kept alive, it will so treat them." Edgerton v. Young, 43 Ill. 464.

" It is also a well settled rule that in equity it depends upon the intention of the parties and a variety of other circumstances whether or not a merger takes place. * * * If after the ownership and the charge have become united the party does any act which clearly shows that he regards the incumbrance as still subsisting, this is strong, even if not conclusive evidence, of an intent that there should be no merger." Clark v. Glos, 180 Ill. 556.

The act of Sensor in selling the Gorham notes to appellees shows that he regarded the mortgage debt as still subsisting, and even in the absence of other proof would therefore be strong evidence of an intent that there should be no merger.

The mortgage to Cole as first recorded contained an express exception which gave him notice that the Gorham mortgage was in full force and outstanding, and deprived him of any equitable ground of complaint. We are therefore of opinion that the Circuit Court was fully warranted in finding that appellees were entitled to the relief prayed for and in decreeing a foreclosure of the Gorham mortgage in their favor.

We are of opinion, however, that the court below erred in not giving appellant Cole some of the relief prayed for by his cross-bill. He offered in evidence his note, which showed on its face that there was interest past due and unpaid. By the terms of his mortgage he had a right to declare the whole debt due for failure to pay this interest, which he did by filing his cross-bill. That his mortgage contained an erasure, the making of which remains unexplained, was an objection only available to Baker and Sensor, who still own the equity of redemption, and they were defaulted and did not make any objection. Appellant was

therefore entitled to have his mortgage foreclosed, and the decree should be so modified as to foreclose the same and direct the payment of the amount due for principal and interest upon the note it was given to secure, out of the proceeds of the sale of the premises, after the satisfaction of the notes secured by the Gorham mortgage. As the decree must be reversed only for the error committed in regard to the foreclosure of the cross-bill, appellant should pay two-thirds of the costs of this court and appellees one-third. The decree is accordingly affirmed in part, reversed in part, and remanded, with directions to the court below to so modify the same as to provide for the foreclosure of appellant's mortgage.