# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1899.

## Carrie C. Wight and Samuel A. Wight v. William L. Downing.

1. CHANCERY PRACTICE—*When a Cross-Bill Will Not be Permitted.* —A defendant will not be permitted to file a cross-bill when his rights are fully disclosed in his answer.

2. SAME—*Allegations of a Cross-Bill Must be Germane to the Original Bill.*—A transaction in no way germane to, or connected with or arising out of matters set forth in the original bill can not properly be made the subject of a cross-bill.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 21, 1900.

Statement.—Appellee filed his bill of complaint to foreclose a mortgage against appellants and others. Appellants answered the original bill, denying the material allegations of the bill. They also filed their cross-bill, and their first and second amended cross-bills against appellee and others. The substance of the matters set up by the second and last amended cross-bill is that by reason of certain facts averred, the promissory notes which evidenced the debt secured by the mortgage in question had become satisfied, and the debt evidenced was extinguished. It also set up certain facts pertaining to the title, and claimed relief as against Frank H. Collier, praying for a decree that Collier convey the premises to cross-complainants. Upon

motion of appellee certain portions of this cross-bill were stricken out and appellee's demurrer to it was sustained and the cross-bill was dismissed.

Upon bill, answer and replication, the cause upon the original bill was referred to a master in chancery to hear evidence and report. Upon the master's report, the exceptions thereto having been overruled, the court decreed the relief prayed by the original bill.

S. A. WIGHT, attorney for appellants.

CHURCHILL & TILLSON, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The only questions presented upon this appeal relate to the order of the court below, sustaining appellee's demurrer to the second amended cross-bill of appellants. We are of opinion that the demurrer was properly sustained. The matters set up by the cross-bill as ground for relief as against Frank H. Collier, Esq., are new and distinct matters, in no way germane to the subject-matter of the original bill of complaint. Therefore they are not such matters as could support a cross-bill. Thompson v. Shoemaker, 68 Ill. 256; Lund v. S. E. Bank, 96 Ill. 181.

The remaining matters set up by this cross-bill are purely matters of defense to the original bill of complaint, and available, if at all, under the answer. Therefore they could not support a cross-bill. Morgan v. Smith, 11 Ill. 194; Newberry v. Blatchford, 106 Ill. 584.

But, irrespective of the manner of pleading them, the facts set up by answer and by cross-bill are wholly insufficient, either to constitute a defense to the original bill of complaint or to entitle cross-complainants to any affirmative relief. No facts are averred which would constitute an extinguishment of the mortgage debt, and no rights of. appellants set forth which would entitle them to affirmative equitable relief in respect to the property in question. The decree is affirmed.