THE SECURITY TITLE AND TRUST COMPANY, Receiver,

*v.*

CAROLINE SCHLENDER.

*Opinion filed June 19, 1901.*

1. MERGER—*whether encumbrance is merged in fee is a question of intention.* Whether or not the acquiring of a note and trust deed by the owner of the fee of the encumbered property operates in equity as a merger, depends upon the intention of the parties and the surrounding circumstances, and any act by the owner of the fee showing that he regards the encumbrance as still subsisting is strong evidence that there is no merger.

2. SAME—*when note and trust deed are not merged in the fee.* If one who had owned and afterwards sold a note and trust deed becomes the owner of the property encumbered by such deed, and the note and trust deed are subsequently returned to him in exchange for other securities, after which he endorses an extension of time on the note and trust deed and delivers them to another person for a valuable consideration, they will be treated as still in force against him, and not as extinguished.

3. RECEIVERS—*receiver appointed at suit of partner has only the firm's rights.* A receiver appointed not for creditors but upon bill by one partner against another for a settlement of partnership affairs, has only the rights which belong to the firm.

*Security Title and Trust Co.* v. *Schlender*, 93 Ill. App. 617, affirmed.

190—39

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

LACKNER, BUTZ & MILLER, for appellant.

W. P. BLACK, for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"This was a bill in chancery by Julia Holz to foreclose a trust deed against certain real estate in Lake county, Illinois, upon which there was a balance alleged to be due of $2000 and interest. The bill also asked that a certain trust deed made by Ernest Kramer to Robert Berger February 2, 1891, covering the same property, to secure a note of like date for $6000, due on or before two years after date, payable to the order of Edward S. Dreyer, with interest at the rate of seven per cent per annum from date, be found to have been paid and discharged and no longer of any force or effect, and that the trustee, Berger, be ordered to execute a full and complete release thereof. The bill alleged that Caroline Schlender claimed some title or interest in or to said note secured by said last mentioned trust deed. The Security Title and Trust Company had been appointed receiver of the partnership property of the firm of E. S. Dreyer & Co., which firm was composed of Edward S. Dreyer and Robert Berger, by an order of the superior court of Cook county in a suit between the partners of the firm to settle the partnership affairs, and that company and Caroline Schlender were made parties defendant to the bill. John Holz was afterwards made a co-complainant, it being alleged that he was a joint owner with Julia Holz of the notes mentioned as being hers in the original bill. Appellant filed its answer, and also a cross-bill, claiming the real estate in question as part of the partnership property of E. S.

Dreyer & Co., and alleging that the $6000 lien had been fully satisfied and extinguished, and asking that it be removed as a cloud upon the title of the real estate. Appellee answered both the original and the cross-bill, alleging, among other things, that the $6000 lien was a valid and existing lien and prior to that of the complainants in the original bill; that she was the equitable owner of the same, and that the note and trust deed representing the lien were in the possession of E. S. Dreyer & Co. at the time the property was turned over to the receiver, being held by the firm as her property, and that she was entitled to the possession of them. In the final decree it was held, with consent of Mrs. Schlender, that the trust deed and note held by complainants in the original bill were a prior lien on the real estate in question over the trust deed and note claimed by her, so that that question was eliminated and there was no further controversy between the complainants in the original bill and Mrs. Schlender. The court, however, found that the $6000 lien claimed by Mrs. Schlender was still a valid, subsisting lien upon the real estate in question, subject to the prior lien in favor of Julia and John Holz, as aforesaid, ordered appellant to deliver the note and trust deed to the clerk of the court for her benefit and decreed dismissal of the cross-bill. From this decree the trust company appeals.

"The only questions involved are as to the legal existence and ownership of the $6000 note and trust deed.

"It appeared from the evidence that for many years prior to the appointment of the receiver the firm of E. S. Dreyer & Co. had done a general banking business in Chicago, buying and selling securities and making investments for their customers; that for more than twenty years Dreyer had been the adviser of appellee and her husband in the matter of making loans and investments of their money; that after the death of appellee's husband, which took place some time prior to the time the controversy in question arose, he continued the same

business relations with her.    Appellee is a German, not speaking or writing the English language, and depended almost entirely upon Dreyer in these business matters, accepting such securities as he said were good.    Some time prior to April 1, 1895, the firm, through Dreyer, sold Mrs. Schlender nine bonds of $500 each, and about the time mentioned called them in for payment.    Dreyer gave appellee, in place of the bonds, a $4500 note, known as the 'Walson note,' which was to be secured by real estate.    This security was never executed, owing to a defect in the title of the real estate on which it was to be given.    Dreyer testified that after he discovered the $4500 note could not be so secured he told appellee that the firm had a $6000 note and trust deed coming in which he would give her in place of the $4500 note, and that the difference of $1500 could be credited on another note she had for which there was scant security; that immediately upon the return of this note and trust deed either he or his mortgage clerk placed the same in an envelope and endorsed upon it the name of Mrs. Schlender, and from that time the security was held for Mrs. Schlender; that they were placed in a box where the firm had a number of papers which were held in trust for customers; that it was still in the hands of the firm at the time of the assignment, and that he told the receiver, when appointed, about it.    The envelope so marked, with the papers enclosed, was found by the receiver among the papers in the general mortgage box of the firm, which also contained mortgages marked with the names of other customers, which were afterwards claimed by them.    The note and trust deed in question were those executed by Kramer.    The real estate mentioned in the trust deed had formerly belonged to E. S. Dreyer & Co.    They conveyed it to Kramer, an employee, who executed the $6000 note and trust deed in question and then re-conveyed the premises to the firm.    They sold the note and trust deed to a party and when it was due took it back, endorsed an

extension of three years upon it, and sold it to one Ruppert.   When the extension had expired Ruppert brought it back and the firm gave him other securities in the place of it, endorsed upon the note another extension for three years and placed the note and trust deed in an envelope for Mrs. Schlender, as above stated.

"It is insisted by appellant that the note and trust deed in question were extinguished upon their return to the firm, as it was the owner of the fee.   Whether or not there is a merger in such a case in equity depends largely upon the intention of the parties and the surrounding circumstances.   'If, after the ownership and the charge have become united, the party does any act which clearly shows that he regards the encumbrance as still subsisting, this is strong, even if not conclusive, evidence of an intent that there should be no merger.   (*Clark* v. *Glos*, 180 Ill. 556; *Cole* v. *Beale*, 89 Ill. App. 426.)   It is plain from the proof that it was not the intention of the firm that the note and trust deed should be treated as paid when brought back.   Such being the case, and the notes and trust deed having been sold or exchanged for a valuable consideration, they must be treated as still in force against the firm.   Appellant was not appointed receiver for creditors, but upon a bill by one of the partners against another for the settlement of the firm affairs. The receiver, therefore, has only those rights which belong to the firm.   The firm, under the proofs in the case, could not resist Mrs. Schlender's claim, neither can the receiver.

"We are of opinion that the decree of the court below was right, and it is accordingly affirmed."

We concur in the foregoing views and in the conclusion above announced.   Accordingly, the judgment of the Appellate Court is affirmed.                  *Judgment affirmed.*