W. A. McKee et al. v. Home Savings and Trust Co. et al.

Chas. L. Powell, Claimant, Appellee, v. J. D. Whisenand, Receiver, Appellant.

**Corporations:** INSOLVENCY: DIVIDENDS: PAYMENT. Actual payment by an insolvent corporation of a portion of the withdrawal value of corporation stock, made prior to the appointment of a receiver and without knowledge on the part of the stockholder of the then insolvent condition of the corporation, cannot be treated by the receiver as a payment by way of a dividend, but a subsequent transferee is entitled to the same proportion of dividends on the balance of the unpaid stock as are paid to other claimants of the corporation.

*Appeal from Polk District Court.*— Hon. W. H. McHenry, Judge.

Thursday, March 7, 1907.

APPEAL from the action of the lower court on a trial without a jury, in directing the appellant, as receiver, to allow the claim of Powell against the company in the sum of $1,550, and pay dividends thereon as ordered.— *Affirmed.*

*Baily & Stipp,* for appellant.

*Chas. L. Powell,* for appellee.

McClain, J.— Prior to the appointment of appellant as receiver of the company, one Amberg was the holder of matured stock in said company, of the surrender value of $6,550, and of this amount he had received from the officers of the company $5,000 as a part of the withdrawal value. This amount was received by Amberg without any notice or knowledge on his part as to the condition of the company,

and without any reason to believe that it was unable to pay claims against it in full. After the appointment of the receiver, Amberg transferred the balance of his claim to the claimant Powell, who filed with the receiver a proper claim for $1,550 and from the action of the trial court in ordering dividends paid on this claim in the same proportion as on other claims against the company, this appeal is taken.

The contention of appellant is that the company was insolvent at the time when the payment of $5,000, was made to Amberg, and that the lower court should have treated such payment as made by way of dividend. More specifically, appellant's claim is that appellee as the assignee of Amberg should be treated as a creditor of the company in the amount of $6,550, on which dividends should be declared in his favor, subject to deduction from the dividends thus declared of the $5,000 paid to Amberg. But, when it is conceded that Amberg had a valid claim against the company before the appointment of the receiver, which the company was under legal obligation to pay in full, and that, had the claim been thus paid in full, the receiver of the company could not have recovered back from Amberg any part of the sum thus paid — Amberg having no knowledge of the insolvent condition of the company at the time such payment was made — it necessarily follows that, so far as Amberg's claim was in fact paid, such payment was conclusive upon the receiver, and that he cannot now have the advantage of any such payment in the satisfaction of dividends on the balance of the claim held by Powell. That the receiver cannot recover back payments made to creditors before his appointment, in the absence of fraud, is well settled. *Calkins v. Green,* 130 Mich. 57 (89 N. W. 587); *Young v. Stevenson,* 180 Ill. 608 (54 N. E. 562, 72 Am. St. Rep. 236).

It is true that had no payment been made to Amberg before the appointment of the receiver, he or his assignee would not be entitled to priority, so as to have his claim paid

in full before distribution to other stockholders; the mere establishment of the right to the withdrawal value of the stock not giving the stockholder a preference. *Rabbitt v. Wilcoxen*, 103 Iowa, 35; *Wilcoxen v. Smith*, 107 Iowa, 555; *Appeal of Christian*, 102 Pa. 184; *Collins v. Wellford*, 102 Va. 581 (46 S. E. 780, 102 Am. St. Rep. 859). But here, actual payment had in fact been made, and the amount of Amberg's claim reduced to $1,500. On this claim, his assignee, Powell, is entitled to dividends *pari passu* with other stockholders, and there is no obligation on the part of appellee to in effect pay back the money already paid to Amberg in order that Amberg's stock shall be deprived of the benefit which had accrued to him by the payment actually made and received by him in good faith, without knowledge that the company was insolvent.

The judgment of the trial court was right, and it is *affirmed*.