## William Ebers, Receiver, Defendant in Error, v. J. Henry D. Dettmering, Plaintiff in Error.

1. PARTNERSHIP, § 107*—*right to sue member on contract.* As a general rule a copartnership cannot sue a copartner upon a note or contract: made between the partnership and such copartner.

2. PARTNERSHIP—*when receiver may not sue member of on note.* The assignee or receiver of a copartnership cannot sue one of its members upon a note, as an assignee or a receiver takes no greater interest in the assets of a copartnership than the copartnership had itself, and a suit instituted by a receiver or assignee is a suit based on the right to sue that was originally in the copartnership.

Error to the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 24, 1917.

J. FRED GILSTER and WILLIAM H. SCHUWERK, for plaintiff in error.

H. CLAY HORNER, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

Defendant in error, William Ebers (hereafter for convenience designated defendant), as receiver of the Farmers Bank, a copartnership, of Steelville, Illinois, instituted an action in assumpsit against plaintiff in error (hereafter designated plaintiff), in the Circuit Court of Randolph county, to recover on a certain note given by plaintiff, a member of said copartnership, to said partnership bank.

The record discloses that in December, 1915, a bill was filed in said Circuit Court of Randolph county by certain members of said copartnership setting forth the insolvency of said bank, and praying that a receiver be appointed to take charge of the bank's affairs, and also praying that an accounting be had among the members of said copartnership and that the same be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dissolved. A decree was entered appointing defendant as such receiver. Among the assets of said bank was a note given by plaintiff for money loaned, and the defendant as such receiver sought in an action in assumpsit to recover against plaintiff the amount of said note.

The declaration avers among other things that the defendant: "Was by order of the Circuit Court in said Randolph county, in proceedings for the dissolution of the partnership and appointment of receiver, duly appointed receiver of all and singular the real and personal property of said Farmers Bank, etc., and is now such receiver," and then in the ordinary assumpsit count set forth the giving of a note by plaintiff in the sum of $9,800, payable to said bank on demand, alleging demand, etc. To said declaration plaintiff filed a plea of the general issue and a special plea, alleging among other things the following: "That the real plaintiff in this suit, namely, the Farmers Bank, is a partnership: that the defendant was at the time the debt herein sued upon was contracted and is now and has always been since his debt was made, a partner in said partnership called the Farmers Bank; that a bill in chancery has been filed in this court asking for the dissolution of said Farmers Bank, but that no settlement has yet been made; no accounting has been had of the assets of the said firm and no balance struck; that said partnership is still in existence." To this special plea the defendant filed a demurrer, the demurrer was sustained and plaintiff elected to stand by said special plea and withdrew the plea of the general issue. Thereupon the court assessed the damages of defendant in error at $7,641.45, and rendered judgment accordingly for said amount and costs. From said judgment plaintiff prosecutes his writ of error.

The sole question to be here determined under the assignments of error is as to whether or not the defendant as receiver of a copartnership can maintain

an action at law on a note or contract made between said copartnership and one of its members. The general rule that a copartnership cannot sue one or more of the copartners upon a note or contract is so well established, both at common law and under the decisions of the Supreme and Appellate Courts of this State, that there is but little need of the citation of authorities. 15 Encyc. Pl. & Pr. 1005; Bates on Partnership, vol. 2, sec. 883; *Milligan v. Mackinlay*, 209 Ill. 358; *Security Title & Trust Co. v. Schlender*, 190 Ill. 609.

The defendant concedes that no suit could be maintained by said bank or the copartnership composing it against plaintiff, one of its members, but insists, however, that the appointment of a receiver of said copartnership obviates the objection that is made with reference to a party suing himself. No authority, however, is cited by defendant that supports his contention. In *Security Title & Trust Co. v. Schlender, supra*, the Supreme Court at page 613, in discussing the rights of a receiver of a copartnership, says: "The receiver, therefore, has only those rights which belong to the firm." And in *Lund v. Skanes Enskilda Bank*, 96 Ill. 181, the Supreme Court, in passing on the question of the right of an assignee of a copartnership to sue one of the partners, says: "The assignee (of a partnership) has no power to bring suits, either at law or in equity, against the partners of this firm, for the purpose of securing payment of debts due the firm." And in *Young v. Stevenson*, 180 Ill. 608, the court at page 615 says: "The assignee or receiver of the assets of a copartnership has no power to bring suit in equity or an action at law against the partners to recover amounts due from them to the firm."

The language used by the Supreme Court in the cases cited is so clear and unequivocally expressed that it would seem to practically dispose of the questions

involved in this case. It is contended, however, by defendant that notwithstanding this is true, that the Supreme Court in neither of the two cases last cited was required to pass on the question as to whether or not an assignee or receiver of the assets of a copartnership could maintain an action at law against one of the copartners. In other words, it is the defendant's contention that the language used by the Supreme Court is *obiter dictum*. To a certain extent this is probably true; however, a receiver or an assignee takes no greater interest in the assets of the copartnership than the copartnership had itself, and a suit instituted by a receiver or assignee is a suit based on the right to sue that was originally in the copartnership. If the then copartnership could not bring the suit because against one of its members, we do not believe, in principle, that the assignee or the receiver of the assets and obligations held by the partnership could do so, and that is the holding of the court in this case.

Counsel for defendant further say that the language used by the Supreme Court in the case of *Young v. Stevenson, supra,* was used unadvisedly for the reason that it is the well-established doctrine of the courts of this State that an action in equity may be maintained by one or more of the partners of a copartnership or firm against the other members or partners of such firm. An examination of the language used by the Supreme Court in *Young v. Stevenson, supra,* will disclose that the court has reference to an action against one of the partners of the firm to recover amounts due from them to the firm. In other words, it refers to a right of recovery on a common-law obligation from one member of a firm to the firm or copartnership and does not refer to the right of a member or members of a copartnership to file a bill in equity to close up the partnership, and for an accounting against the various members of the firm to ascertain the amount that may

finally be owing by them in the settlement of the firm's business.

For the error of the Circuit Court in sustaining the demurrer to the special plea and in rendering judgment against plaintiff, said cause will be reversed and remanded.

*Reversed and remanded.*