(No. 2654█

John Mulder, Receiver of the records, books, and assets of the J. B. French Co., a former Illinois Corporation; the First National Bank of Chicago, assignee creditor, and Melvin B. Ericson, Receiver of the First National Bank of Wilmette, creditor assignee, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed June 13, 1939.*

Poppenhusen, Johnston, Thompson and Raymond, Floyd E. Thompson, Albert E. Jenner, Jr., and Thomas F. Donovan of counsel, for claimant.

John E. Cassidy, Attorney General and Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

The three claimants of record herein each predicate their claim upon alleged damages originally accruing in favor of J. B. French Company through construction contracts held by the latter with the State of Illinois. The claim was filed April 16, 1935 for Two Hundred Eighty-four Thousand Four Hundred Forty-one and 93/100 ($284,441.93) Dollars purported damages.

It appears from the claim herein filed that J. B. French Company was formerly an Illinois corporation engaged in the building contracting business; that on October 22, 1929 it entered into a contract with the State of Illinois through the latter's Department of Purchases and Construction, for the erection of certain buildings at the three state hospitals at Lincoln, Elgin, and Dunning, Illinois. The buildings were to be substantially completed by April 22, 1930, and after certain installment payments, final payment was to be made within thirty (30) days after completion, upon written certificate by the supervising architect.

The claim alleges that J. B. French Company began the performance of its work under the contract on October 25, 1929; that certain delays were caused by respondent and its agents; that respondent failed to keep the sub-contracting work up to schedule, whereby expensive winter work became necessary; that J. B. French Company performed all the terms of the contract required on its part except as it was prevented from doing by the wrongful acts and omissions of respondent and its agents; that claimant tendered the buildings specified in its contract complete as follows: At Dunning in No-

vember, 1930; at Elgin in November, 1930 and at Lincoln in February, 1931; that the State of Illinois accepted said buildings and has paid to the J. B. French Company the contract price except for certain agreed deductions and additions thereto, but that it has failed to pay any additional sums due and owing said company for extras and for damages arising out of the acts and omissions of respondent and its agents as described in the claim. *On July 16, 1930 J. B. French Company again executed an assignment* in and by which, according to the complaint, they assigned to Foreman-State National Bank, all sums of money due or to become due J. B. French Company in the State of Illinois under the terms of the latter's contract with the State; *also a further assignment dated July 25, 1930* to the Foreman-State National Bank, of all sums of money due or to become due J. B. French Company in the State of Illinois *for extra work,* labor or materials performed or furnished by said company under its contract with the State. *On September 30, 1931* copies of these assignments *were sent* by registered mail to the Department of Purchases and Construction of the State of Illinois, receipt whereof was duly acknowledged. The First National Bank of Chicago is by assignment successor to the Foreman-State Bank and is the holder and owner of said assignments. On December 7, 1933 said First National Bank of Chicago recovered a judgment in the Municipal Court of Chicago against said J. B. French Company for Seventeen Thousand Five Hundred Twenty and 01/100 ($17,520.01) Dollars and costs, said judgment being recovered on a promissory note dated July 25, 1932, made by J. B. French Company and secured by the above described assignments.

On the first day of November, 1930 J. B. French Company executed its promissory note in the sum of Ten

Thousand ($10,000.00) Dollars, payable to the order of the First National Bank of Wilmette. This note was secured by an assignment of all sums due and to become due the J. B. French Company from the State of Illinois under the terms of the contract hereinabove described, but subject to the assignments heretofore described in favor of the Foreman-State National Bank. Melvin B. Ericson is the receiver of the First National Bank of Wilmette under appointment made July 25, 1922. The complaint recites that approximately Thirteen Thousand Forty-one and 08/100 ($13,041.08) Dollars was due on said note April 16, 1935.

The J. B. French Company was dissolved as a corporation on June 20, 1932 by decree of the Superior Court of Cook County, and John Mulder was thereafter on April 12, 1935 appointed by the Circuit Court of Cook County, receiver of the books, assets and records of said company.

The order appointing him as receiver of J. B. French Company directed him as such to have this claim prepared and filed in this court and to pursue and collect any further claims or assets for and on behalf of the creditors and stockholders of J. B. French Company.

Respondent has filed a motion to dismiss the claim on the following grounds:

1. That the alleged appointment of John Mulder as receiver for the J. B. French Company was void, as having been made more than two years after said corporation was dissolved.

2. That the assignees of a corporation have no better or greater rights than such corporation or any receiver appointed for it.

3. That a corporation after being legally dissolved has no power or authority to execute a promissory note

or to make a valid assignment securing same.

4. That no rights could accrue against the State by virtue of the judgment held by the First National Bank of Chicago against J. B. French Company, because the State had contracted with the corporation and had paid the money due under said contract.

5. That from the allegations in the complaint J. B. French Company had breached the contract in not having substantially completed same April 22, 1930.

6. That it does not appear respondent ever had notice of the assignment to the First National Bank of Wilmette until the filing of this claim, and that copies of the assignments to the Foreman-State National Bank were not sent to respondent until September 30, 1931, which was six months after the ''date respondent had paid the money due under the contract'', and that respondent therefore is not bound by such assignments.

7. That since the assignment to the First National Bank of Wilmette is only for sums due ''under the terms of the Contract'', said bank and its receiver could not maintain a claim for extra work, labor or materials for the alleged reason that such items would not form a part of the contract.

Comprehensive briefs of ninety-four pages by claimant and one hundred two pages by respondent have been filed. The greater part of the Attorney General's brief. is devoted to his contention that the appointment of John Mulder as receiver of the records, books and assets of the J. B. French Company was void, and that such receiver therefore has no legal authority to prosecute a claim in this court. This contention is made by virtue of *Par. 94, Ch. 32, Illinois Revised Statutes, 1933,* which provides that—

."The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit is brought and service of process had within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name."

In the absence of this statute, the existence of the corporation would terminate for all purposes upon the entering of the order of dissolution. Under the terms of the foregoing Act a dissolved corporation has a continued existence for certain purposes for a definite period of two years after its dissolution.

The Attorney General contends that the J. B. French Company was a necessary party to any proceedings for the appointment of a receiver, and that under the statutory limitation of two years neither the corporation, its officers or stockholders could be made a party-defendant except within two years after the dissolution, and that the Circuit Court of Cook County had no authority to appoint a receiver for said company. This court is faced with the fact however that John Mulder was appointed receiver of the books, assets and records of the J. B. French Company on April 12, 1935 by the Circuit Court of Cook County, and we do not consider the Court of Claims of Illinois to be a proper tribunal to sit in review upon the validity of the appointment nor to pass upon the validity of such appointment in a collateral attack made thereon.

Richards v. People, 81 Ill. 551.

Commercial Nat. Bank v. Burch, 141 Ill. 519-527.

Vandalia v. St. L. etc. Ry. Co., 209 Ill. 73-82.

These questions are then presented:

1. Could J. B. French Company validly file a claim in the Court of Claims more than two years after a decree of dissolution had been entered against it?

2. Further, if the J. B. French Company itself could not file a claim under such conditions, could a receiver appointed for such company have any better standing or right, and could such receiver file a claim herein more than two years after the decree of dissolution had been entered as to said company?

3. Whatever the rights of John. Mulder, receiver, etc. may be, the question still arises as to the status of the other two creditors who appear here as assignees of the J. B. French Company, under assignments made prior to the time of the latter's dissolution.

No attempt will here be made to review the many decisions cited by counsel on each side upon the first of these questions. We are of the opinion from a careful study thereof that the two-year limitation was only intended to aid in expediting the closing up of the corporate affairs after the dissolution of such corporation; that the J. B. French Company, having been dissolved as a corporation on June 20, 1932 could not file a valid claim against the State at the time the instant claim was filed, i. e. on April 16, 1935. Further, that the stockholders or creditors of said corporation ought not to be permitted to extend the time of settlement of the corporation's affairs beyond the statutory period by delaying the filing of a claim in behalf of the corporation after the limitation of such two-year period, and thus, through the medium of receivership, gain rights which could not otherwise be had by the extinct corporation. The claim, insofar as it is filed by John Mulder, receiver, etc. herein, recites under Paragraph (e) of the complaint that, "The

claim presented on behalf of J. B. French Company by the foregoing claimant, is a claim against the State of Illinois in the sum of Two Hundred Eighty-four Thousand Four Hundred Forty-one and 93/100 ($284,441.93) Dollars, which sum is 'justly due and payable to the said J. B. French Company and these claimants, etc., etc.'' No averment as to who constitutes these creditors, other than the First National Bank of Chicago, assignee, and Melvin B. Ericson, receiver of the First National Bank of Wilmette, assignee, appears in the complaint; the only reference thereto being (p. 13 of the complaint), ''Determination of validity and amount of any creditor's claim is to be by the Circuit Court of Cook County.''

In determining the status of receivers, the court in the case of *Republic Life Insurance Company* v. *Swigert, et al,* 135 Ill. 150 (167) said:

"We understand the rule to be, that where a receiver is appointed for the purpose of taking charge of the property and assets of a corporation, he is, *for the purpose of determining the nature and extent of his title, regarded as representing only the corporate body itself, and not its creditors or shareholders, being vested by law with the estate of the corporation, and deriving his own title under and through it, and that, for purposes of litigation, he takes only the rights of the corporation such as could be asserted in its own name, and that upon that basis, only, can he litigate for the benefit of either shareholders or creditors.*"

In the case of *Young* v. *Stevenson,* 180 Ill. 608 (614), the Supreme Court said:

"The powers of the appellant receiver are not defined by statute. They are, therefore, such, only as are conferred by courts of equity, under their equitable jurisdiction, upon receivers appointed by such courts. As receiver he represents the corporate body, and not its shareholders. He succeeds to all rights of action which had accrued to the corporation, but not to rights of action which rested in the shareholders."

We believe the weight of authority sustains the rule in respect to the powers of receivers, that ''Where there has been no enlargement of their powers by legislative

enactment, they have such rights of action only, as were possessed by the corporation upon whose estate they administer.''

As to the claim of John Mulder, receiver of the records, books and assets of the J. B. French Company, a former Illinois corporation, herein filed, the motion of the Attorney General to dismiss will be and the same is hereby allowed.

The rights of the First National Bank of Chicago, assignee, and of Melvin B. Ericson, receiver of the First National Bank of Wilmette, assignee, were acquired by them by assignment in the apparent regular course of business, prior to the dissolution of J. B. French Company. We are not advised of any valid reason why such assignees should not have a right to present against the State within the statutory period of five years from the time the right of action thereon accrued, any claim which they may have acquired by such assignment. The validity of such claim is not being determined at this time. While we agree with the Attorney General that the State cannot be subjected to a garnishee proceeding, we are of the opinion that the assignee of a valid claim, made by a corporation at a time when it is duly existing under its charter, can prosecute such claim, after the dissolution of such corporation.

The motion of the Attorney General to dismiss the claim in-so-far as same is filed by the First National Bank of Chicago, assignee, and Melvin B. Ericson, receiver of the First National Bank of Wilmette, assignee, is hereby denied.